IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, April 8, 2011

## IN RE:  BRYCE L.H. and ALEXIS D.H.

**Appeal from the Juvenile Court for Johnson County**
**No. J9453      Hon. William B. Hawkins, Judge**

**No. E2010-02237-COA-R3-PT-FILED-MAY 12, 2011**

In this action to terminate the parental rights of the mother to the two minor children, the Trial Court, after hearing evidence, held that the statutory grounds for termination of the mother's parental rights were established by clear and convincing evidence, and that it was in the best interest of the children that the mother's parental rights be terminated.  The mother appealed and on appeal we affirm the Judgment of the Trial Court and remand.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Ginna S. Kennedy, Johnson City, Tennessee, for the appellant, T.L.B.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and Lindsey O. Appiah, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee, Department of Children's Services.

**OPINION**

Petitioner brought this action to Terminate Parental Rights against the mother T.L.B.,

regarding her children, B.H. and A.H.[1]

The Petition alleged that the children were taken into custody on February 17, 2009, and had been in foster care since that time. Grounds alleged for termination are: abandonment by failure to support, abandonment by failure to provide a suitable home, persistence of conditions, and substantial noncompliance with the permanency plans. A guardian ad litem was appointed for the children, and an attorney was appointed for the mother.

A trial was held spanning several days, and numerous witnesses testified, including the mother.

Following trial, the Trial Judge made a very detailed findings of fact and entered a Final Decree of Guardianship and Order Terminating Parental Rights of the mother.

The Court found the mother was supposed to pay $10.00 per month per child, but had only paid token support in the four months prior to the filing of the Petition, even though she had the ability to pay via her disability benefits. The Court found there was clear and convincing evidence of the ground of abandonment for failure to support. The Court found that there was also clear and convincing evidence of abandonment for failure to provide a suitable home, despite "abundant" reasonable efforts by DCS. The Court said the mother had demonstrated a lack of concern for the children to such a degree that it was unlikely that she would be able to provide a suitable home in the near future. The Court also said the mother had failed to complete the necessary medical training, had failed to take her prescribed medications for her bipolar, and took lortabs that did not belong to her. Further, the Court observed that to award custody to the mother would result in substantial harm to the children.

The Court found there was also clear and convincing evidence that the conditions leading to removal still persisted and would not likely be remedied in the near future, because the mother could not provide the necessary care. Further, the Court also found substantial noncompliance with the permanency plan, because the mother had shown instability in her home by having four different residences, had admitted to convictions for selling lortabs (one of which was after the children were in custody), had missed her own mental health appointments, had missed medical appointments for the children, and had never completed the necessary vent training for one of the twins. Also the mother had failed to obtain and learn the necessary skills to provide even a basic level of care for the child, who was very ill.

---

[1] The Petition also sought to terminate the rights of the biological father, S.H., but he voluntarily surrendered his rights prior to trial.

The Court finally found that it was in the best interests of the children to terminate the mother's rights, and that the children were well cared for in a foster home, and removing them was not in their best interests.

The mother has raised these issues on appeal:

1. Whether the Trial Court erred in finding that there was clear and convincing evidence that the mother abandoned her children by means of failure to support?

2. Whether the Trial Court erred in finding that there was clear and convincing evidence that the mother abandoned her children by means of failure to provide a suitable home?

3. Whether the Trial Court erred in finding that there was clear and convincing evidence that the conditions that led to the children's removal still persisted and that those conditions would not be remedied at an early date?

4. Whether the Trial Court erred in finding that there was clear and convincing evidence that the mother was in substantial noncompliance with the permanency plan?

5. Whether the Trial Court erred in finding that there was clear and convincing evidence that it was in the children's best interests to terminate the mother's parental rights?

In order to terminate a parent's parental rights, DCS must prove, by clear and convincing evidence, that one of the statutory grounds for termination exists, and that termination is in the child's best interest. *In re: C.A.H.*, 2009 WL 5064953 (Tenn. Ct. App. Dec. 22, 2009). Clear and convincing evidence "establishes that the truth of the facts asserted is highly probable, and eliminates any serious or substantial doubt about the correctness of the conclusions drawn from the evidence", as it "produces in a fact-finder's mind a firm belief or conviction regarding the truth of the facts sought to be established." *Id., quoting In re: M.J.B.*, 140 S.W.3d 643 (Tenn. Ct. App. 2004).

In appeals for parental terminations in this Court, we must review the findings of fact *de novo* with a presumption of correctness, but must also determine "if the facts, as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the elements necessary to terminate parental rights." *Id.*

In this case, the Trial Court found that several grounds for termination existed. The most salient ground for termination which was proven was persistence of conditions. Tenn. Code Ann. §36-1-113(g)(3) provides the following as a ground for termination:

The child has been removed from the home of the parent or guardian by order of a court for a period of six (6) months and:

(A) The conditions that led to the child's removal or other conditions that in all reasonable probability would cause the child to be subjected to further abuse or neglect and that, therefore, prevent the child's safe return to the care of the parent(s) or guardian(s), still persist;

(B) There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent(s) or guardian(s) in the near future; and

(C) The continuation of the parent or guardian and child relationship greatly diminishes the child's chances of early integration into a safe, stable and permanent home.

In this case, the children were in State custody from February 2009 to December 2009 before the Petition to Terminate was filed. The children were in State custody because the mother did not stay with one of the children in the hospital and learn the skills necessary to bring the child home, and because she did not keep up with the other child's medical appointments for her hearing problems and other medical issues. It was also because the mother was charged with selling Schedule III drugs, and because the mother did not take care of her own medical/mental health issues.

The evidence clearly showed that during this February to December timeframe, the mother missed multiple medical appointments for the children and for herself, despite having appointments set up by the caseworker and being given reminders of the same. The mother admitted that she did not take her bipolar medications as she was supposed to do. She admitted that she was again criminally charged for selling lortabs, which resulted in her incarceration from September to December 2009. She admitted that she had never successfully completed the 24 hour stay at the hospital with her child, nor the vent training necessary to bring the child home. Thus, the evidence is clear and convincing that the conditions leading to removal still persisted, and were unlikely to be remedied at any time in the future such that it would be safe for the children to be with the mother.

Without a detailed discussion, our review of the evidence pertaining to the remaining

issues, clearly supports these grounds for termination as well.

Finally, the mother argues that it was not shown that termination was in the children's best interests.

In this case, the Trial Court found that termination of the mother's parental rights was in the children's best interests, and the evidence supports that finding.

As the Trial Court found, the mother had not made an adjustment of circumstance, conduct, or conditions so that it would be safe for the children to be in her home, and had not effected a lasting adjustment after reasonable efforts by DCS, and an adjustment did not reasonably appear to be possible. The mother had visited with the children, although she had missed some visits, but had not shown that a meaningful relationship with the children had been established. The Trial Court found that the children had done well in foster care, and that a change of caretakers/environment would likely be detrimental to the children, which was a correct determination, given the special needs of the children and the mother's inability to deal with the same.

The mother's relationship with the father was not stable, and she admitted that they had been "off and on" for the last few years, and had taken out orders of protection against one another in the past. The father had voluntarily surrendered his rights to the children, and under the totality of the circumstances, considering all the statutory factors, there is clear and convincing evidence that termination of the parental rights of the mother is in the children's best interest.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to T.L.B.

_____
HERSCHEL PICKENS FRANKS, P.J.